**Eduard KARAPETYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73632.
Agency No. A75–577–581.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2006.

Decided March 14, 2006.

Eduard Karapetyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM*

Eduard Karapetyan petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

Where the BIA incorporates the IJ's decision without conducting its own review of the record, we review the IJ's decision for substantial evidence. *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996). When an IJ makes an adverse credibility determination, the IJ must provide "specific, cogent reasons that bear a legitimate nexus to the finding," with inconsistencies or implausibilities that "go to the heart of the asylum claim." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005) (internal quotations and alterations deleted). Minor inconsistencies cannot serve as the basis for denying an asylum petition, particularly where "inconsistencies cannot be viewed properly as attempts to enhance claims of persecution." *Hoque v. Ashcroft*, 367 F.3d 1190, 1195 (9th Cir.2004).

■ Applying these principles to the case at hand, we conclude that substantial evidence does not support the IJ's adverse credibility determination.

The IJ found that Karapetyan was not credible because Karapetyan stated "that he was in Russia from November 1996 to

October 1997, but obtained his renewed passport in Armenia in August of 1997." This finding does not support the IJ's adverse credibility determination because it is based purely on speculation. *Vera–Villegas v. INS*, 330 F.3d 1222 (9th Cir.2003). There is no evidence whatsoever in the record that suggests that Karapetyan could not have renewed his Armenian passport in August of 1997, even though he was residing in Russia at that time.

■ The IJ also found that Karapetyan's testimony was not credible because Karapetyan's allegations that the political situation in Armenia remained dangerous and volatile conflicted with the country reports. This finding does not support the IJ's adverse credibility determination because it impermissibly relies on general statements in the country reports—and ignores specific instances of political instability and violence—to discredit Karapetyan's claim that he would be in danger if he were to return to Armenia. *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000).

## II

■ Because the IJ's adverse credibility determination is not supported by substantial evidence, we must "accept [Karapetyan's] testimony as true." *Hartooni v. INS*, 21 F.3d 336, 341 (9th Cir.1994). Taking Karapetyan's testimony as true, we find that the IJ's finding that Karapetyan was not eligible for asylum is not supported by substantial evidence. Karapetyan presented uncontradicted evidence that he suffered a long string of abuses, beatings, and detentions because of his political beliefs. In this circuit, "[p]hysical harm has consistently been treated as persecution." *Chand v. INS*, 222 F.3d 1066, 1073–74 (9th Cir.2000). *See also Mamouzian v. Ashcroft*, 390 F.3d 1129 (9th Cir. 2004). Therefore, a reasonable fact-finder would have been compelled to have found that Karapetyan had suffered past persecution and was eligible for asylum. *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998); 8 U.S.C. § 1101(a)(42)(A).

## III

■ Because Karapetyan presented sufficient evidence of past persecution that threatened his freedom, he was entitled to a presumption that he had a well-founded fear of future persecution and a right to withholding of deportation. *Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir.2002); *Shah*, 220 F.3d at 1072. He was therefore eligible for asylum and withholding of removal unless the government made an individualized showing that because of changed country conditions, Karapetyan "no longer ha[d] reason to fear that he would be subjected to persecution if he returned to the country he fled." *Chand*, 222 F.3d at 1073.

The IJ held that "it does not appear that respondent would be able to claim asylum in Armenia because now there are changed circumstances in the country with the demise of Levon Ter–Petrossian, and the development of opposition parties in the government." The IJ's finding is not supported by substantial evidence because as explained above, it does not meet the particularity requirement that we set forth in *Chand*. 222 F.3d at 1078–79 (explaining that "our cases hold that individualized analysis of how changed conditions will affect the specific petitioner's situation is required. Information about general changes in the country is not sufficient") (internal quotations and citations omitted).

## IV

■ The IJ also found that Karapetyan was ineligible for asylum because he was firmly resettled in Russia based on the presumption we set forth in *Cheo v. INS*, 162 F.3d 1227, 1230 (9th Cir.1998). The

IJ's finding is not supported by substantial evidence because there was concrete evidence in the record that Karapetyan had been expelled from Russia. Thus, the *Cheo* presumption, which applies only where "there is no direct evidence one way or the other as to whether" a petitioner has been firmly resettled, does not apply in this case. 162 F.3d at 1230.

## V

Because none of the IJ's reasons for denying Karapetyan's application are supported by substantial evidence, we grant withholding of removal and remand to the BIA so that the Attorney General may exercise his discretion with respect to Karapetyan's application for asylum. We need not reach any other issue urged by the parties.

**PETITION GRANTED AND REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.